Case 2:23-mj-00119   Document 2   Filed 06/08/23   Page 1 of 4 PageID# 2



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk* Division

IN THE MATTER OF THE ISSUANCE
OF A CRIMINAL COMPLAINT RE:

GABRIEL JULIAN ZAPATA

Case No.: 2:23-mj 119

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Special Agent Kathleen Goode, Special Agent with the Drug Enforcement Administration, United States Department of Justice, having been duly sworn, declare and state:

### EXPERIENCE AND TRAINING

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations of, and make arrests for the narcotics offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed by the DEA since November 2002, and I am currently assigned to the Norfolk District Office High Intensity Drug Trafficking (HIDTA) Task Force. While with DEA, I have received training on drug offenses and participated in numerous investigations into the unlawful importation and distribution of controlled substances and money laundering and narcotics smuggling and distribution investigations, including 16 weeks of narcotics investigative training at the DEA academy in Quantico, Virginia. During my employment with DEA, I have participated in many investigations into the unlawful importation, possession with intent to distribute, and distribution of controlled substances, as well as related laundering of monetary instruments. In conducting these investigations, I have used a variety of investigative techniques and resources,

including physical and electronic surveillance, writing, and executing search warrants, informants and cooperating sources, court-ordered wiretaps, analysis of phone and financial records and arrests of numerous drug traffickers. I have debriefed defendants and witnesses who had personal knowledge of major narcotics trafficking organizations. Based on my training and experience, and conversations with other agents and law enforcement personnel, I am familiar with narcotics traffickers' methods of operation, including the distribution, storage, and transportation of narcotics, and the collection of drug proceeds.

3. I am familiar with the facts and circumstances of this investigation as a result of information received by me and summarized in reports I have reviewed. I have compiled information derived from discussions with experienced law enforcement officers.

4. This affidavit contains a probable cause statement to support the issuance of an arrest warrant for the violation alleged and does not contain all the information known to this affiant regarding the defendant. Based upon my experience and training, this affidavit is being made in support of a criminal complaint charging Gabriel ZAPATA with Possess with Intent to Distribute 50 grams or more of Methamphetamine (actual), its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

## STATEMENT OF FACTS

5. On May 3, 2023, the Norfolk Police Department (NPD) received a call for service in reference to an Uber driver finding approximately four (4) pounds of suspected methamphetamine after the Uber driver's passenger (later identified as Gabriel ZAPATA) left the vehicle. The Uber driver went to his/her residence and called the Norfolk Police Department, who responded to the Uber driver's residence, where he/she turned over the suspected methamphetamine, along with three

(3) digital scales, and a glass smoking device containing suspected methamphetamine. Investigator (Inv.) Mondie with the Norfolk Police Department Vice and Narcotics Division responded and collected the listed evidence. The Uber driver stated that he/she dropped off ZAPATA at the 1000 block of Modoc Avenue in Norfolk, Virginia. Inv. Mondie then conducted a field test on the suspected methamphetamine, yielding a positive result for methamphetamine. On this same date, the Uber driver received telecommunication from ZAPATA stating that ZAPATA left something in the back of the Uber driver's vehicle and would pay the Uber driver $1,000.00 United States currency to get it back. The Uber driver did not respond to ZAPATA.

6. On May 4, 2023, Inv. Mondie, acting in an undercover capacity pretending to be the Uber driver, sent ZAPATA a text message. ZAPATA later responded stating that ZAPATA knows that the Uber driver called law enforcement on him and all he/she had to do was be quiet and return his stuff. ZAPATA stated that now he is going to jail for a long time.

7. Later, NPD secured arrest warrants and located ZAPATA in a motel room in Hampton, Virginia. Upon arresting ZAPATA inside the room, law enforcement saw contraband in plain view and secured a search warrant. They secured a search warrant and executed it on May 8, 2023. They recovered the following evidence: approximately 248.69 grams of suspected methamphetamine, approximately 111.5 grams of suspected counterfeit opioid pills, approximately 721.50 grams of suspected marijuana, approximately 242.52 grams of suspected illegal mushrooms, approximately 6,123.49 grams of suspected marijuana edibles, one (1) digital scale with drug residue, $3,420.00 United States currency, and a 40 Caliber Taurus handgun w/loaded magazine.

8. The DEA Mid-Atlantic Laboratory, to date, has issued reports for items seized from the motel. A Senior Forensic Chemist determined that the suspected methamphetamine submitted as Exhibit 4 was methamphetamine hydrochloride, with a net weight of 179.53 grams and a purity of

100%. The amount of pure (actual) methamphetamine was 179.53 grams. A Senior Forensic Chemist determined that the suspected methamphetamine submitted as Exhibit 5 was methamphetamine hydrochloride, with a net weight of 4.89 grams and a purity of 100%. The amount of pure (actual) methamphetamine was 4.89 grams. A Senior Forensic Chemist determined that the suspected marijuana submitted as Exhibit 9 was marijuana with a net weight of 676.00 grams.

9. Based on the above facts, I believe probable cause exists to charge Gabriel ZAPATA with possession with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

Special Agent Kathleen A. Goode
Drug Enforcement Administration

Sworn to and subscribed to
before me on June 8, 2023.

United States Magistrate Judge
Douglas E. Miller
United States Magistrate Judge